UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HILL,

          Plaintiff,

     v.

SCOTT KERNAN, et al.,

          Defendants.

No.  2:19-cv-00428 AC

ORDER

     Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

     Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3        II.      Statutory Screening of Prisoner Complaints

4        The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16    Franklin, 745 F.2d at 1227-28 (citations omitted).

17        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20    U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21    "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22    of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23    680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24    to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25    cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26    speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27    something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28    cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11   III.    Allegations of the Complaint

12       Plaintiff has filed a First Amended Complaint, ECF No. 9, which supersedes the original

13   and is screened here.  The amended complaint names fifteen defendants, all correctional officers

14   or officials at Hight Desert State Prison (HDSP).  The amended complaint alleges in sum as

15   follows.

16       On March 10, 2017, plaintiff was ordered out of his cell for a cell search.  Plaintiff refused

17   to leave his cell without his prescribed orthotic footwear, and there ensued a 30 minute "stand-

18   off" between plaintiff and officers including Rivera before plaintiff agreed to exit the cell in his

19   shower shoes.  Officer Rivera stated, "You're complaining about shit."  While plaintiff and other

20   inmates were out of their cells during the searches, plaintiff politely declined to sit where directed

21   by officers; plaintiff is Black and was directed to sit with Hispanic inmates who would have

22   considered it disrespectful.  Rivera made another statement about plaintiff making things difficult.

23   Rivera was aware that plaintiff had assisted the Inspector General and Office of Internal Affairs in

24   their investigations into staff misconduct at HDSP.

25       Rivera then escorted plaintiff in handcuffs to a holding cage, which was unnecessary and

26   contrary to routine practice.  During the escort, Rivera became rough and deliberately walked too

27   fast despite plaintiff's inability to keep up due to his chronic foot condition.  Plaintiff complained,

28   and Rivera used a racial epithet then threw plaintiff to the ground.  Rivera kneeled on plaintiff's

3

1   neck and tried to break his wrist.  Approximately 20 officers responded to Rivera's alarm.

2   Officers R. Johnson, Byers, Escobar and Walters joined in restraining plaintiff by kneeling on his

3   neck, twisting his left arm, and otherwise beating him up.  During the assault plaintiff could not

4   breathe.  The other officers failed to intervene even though plaintiff called out that he was being

5   beaten because Black and in cuffs.  Plaintiff sustained a permanent injury to his shoulder.

6        After the incident, plaintiff was charged with a disciplinary violation for battery on

7   Officer Rivera and making a false report of assault.  Numerous officers made false statements

8   regarding the incident.  Numerous officers failed to follow reporting procedures.  Plaintiff was

9   denied access to reports written about the incident.  Plaintiff was retained in ad seg for a time, and

10  eventually assessed a SHU term.  These sanctions exacerbated plaintiff's mental illness,

11  eventually necessitating his transfer to another institution where he could receive a higher level of

12  mental health care.  Plaintiff has PTSD as the result of his experiences at HDSP.

13       IV.    Claims for Which a Response Will Be Required

14       Plaintiff's allegations against defendant Rivera state a claim for the excessive use of force

15  in violation of the Eighth Amendment.  ECF No. 9 at ¶¶ 34-35; see Hudson v. McMillian, 503

16  U.S. 1, 6-7 (1992).  This claim also lies against defendants R. Johnson, Byers, Escobar and

17  Walters, all of whom are alleged to have personally and directly participated in the use of

18  excessive force.  Id. at ¶ 36; see Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (liability

19  extends to those who do an act or participate in another's act).  These five defendants will be

20  required to respond to the claim.

21       V.    Failure to State a Claim

22       To the extent that plaintiff seeks to hold additional defendants liable for the use of force

23  his claim fails, because only the defendants identified above are alleged to have participated in

24  the assault.  See, generally, Johnson, 588 at 743.  There are no facts showing that other officers

25  present at the scene could tell that the use of force was excessive and failed to stop it—an alarm

26  had been sounded indicating an assault on staff, and there is no information about which

27  defendants were in a position to see that the force being used was excessive under the

28  circumstances known to them.  Accordingly, they cannot have acted with the requisite culpable

4

1   state of mind.  See Hudson, 503 U.S. at 6-7.  Higher ranking officials, including the warden, are

2   not liable for what C.O.s do unless they caused it to happen.  See Iqbal, 556 U.S at 676; Starr v.

3   Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

4          Plaintiff's allegations do not support a claim for retaliation in violation of his First

5   Amendment rights.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).[1]  The

6   complaint indicates that Rivera considered plaintiff to be a chronic complainer, but does not show

7   that he was aware of specific protected conduct and intended to punish plaintiff for his exercise of

8   his rights.  Plaintiff's retaliation allegations (including those regarding his unspecified

9   cooperation with the Inspector General and Internal Affairs) are conclusory and thus insufficient

10  to state a claim.  See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory

11  allegations do not state a claim).  To the extent that Rivera's hostility to plaintiff as a complainer

12  may be relevant to Rivera's state of mind when he allegedly assaulted plaintiff, it goes to the

13  excessive force claim and does not provide an independent basis for relief.  The complaint does

14  not state facts showing that any other defendant took adverse action against plaintiff *because of*

15  plaintiff's exercise of his First Amendment rights.

16         The allegations of the complaint do not support a racial discrimination claim implicating

17  plaintiff's equal protection rights.  See Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003)

18  (to state a claim for violation of equal protection, plaintiff must show that the defendant acted

19  with an intent or purpose to discriminate against him based upon his membership in a protected

20  class).  Isolated racial comments or epithets, such as are alleged here, are not enough.  Freeman v.

21  Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (abusive language, even if directed at plaintiff's

22  heritage, is insufficient for equal protection claim), overruled on other grounds by Shakur v.

23  Schriro, 514 F.3d 878 (9th Cir. 2008).  Rivera's alleged use of a racist slur may be

24  circumstantially relevant to his intent in using force, but it does not support a free-standing claim

25  for relief.

26

27  [1] To state a claim for retaliation, plaintiff must state facts establishing that a particular defendant
    (1) took specified adverse action against plaintiff (2) because of (3) conduct of plaintiff's that was
    protected by the First Amendment, and that the adverse action (4) chilled plaintiff's exercise of
28  his rights and (5) did not reasonably advance a legitimate correctional goal.  Id.

1      The allegations of the complaint do not support a claim for deliberate indifference to

2  plaintiff's mental health.  Inadequate medical or mental health care violates the Eighth

3  Amendment when the acts and omissions of prison officials are "sufficiently harmful to evidence

4  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

5  Plaintiff's allegations must show both that his medical needs were objectively serious, and that

6  defendants possessed a sufficiently culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294,

7  299 (1991).  The requisite state of mind, "deliberate indifference," is established only where the

8  defendant subjectively knew of and disregarded an excessive risk to inmate health and safety.

9  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  The amended complaint does not

10  identify any mental health care that was provided or withheld improperly.  The allegation that a

11  disciplinary sanction exacerbated a mental health condition does not itself state a claim for relief;

12  the question is what care was provided, and with what state of mind.  Plaintiff states that he did

13  receive mental health treatment, and was transferred to a different institution where he could

14  receive a higher level of care.  These facts do not state a claim for relief.

15      The allegations of the complaint do not support a claim for deliberate indifference to

16  plaintiff's health and safety.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  For the same

17  reasons noted above with regard to the mental health claim, the allegations do not support

18  deliberate indifference.

19      The allegations of the complaint do not support a claim for violation of plaintiff's right to

20  due process.  The court understands this claim to be based on the alleged false charges, RVR

21  proceedings, and their aftermath.  The falsification of reports or evidence does not support a claim

22  for relief.  See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no

23  constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion,

24  168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989);

25  Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  The wrongful denial of inmate

26  grievances does not state a due process claim.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

27  2003).  The violation of prison regulations or policies does not rise to the level of a due process

28  violation, and the complaint does not identify any denial of the minimal procedural protections

1   required in the prison discipline context.  See Wolff v. McDonnell, 418 U.S. 539 (1974)

2   (procedural due process requirement for disciplinary hearing where good time credits at stake);

3   Hewitt v. Helms, 459 U.S. 460, 472 (1983) (procedural due process requirements for ad seg

4   placement), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995);

5   Superintendent v. Hill, 472 U.S. 445, 454 (1985) (disciplinary finding must be supported by

6   "some evidence").  For all these reasons, plaintiff cannot maintain a due process claim based on

7   the alleged wrongful RVR or the sanctions imposed.

8        VI.    Leave to Amend

9        For the reasons set forth above, the court finds that the complaint does not state

10  cognizable claims for retaliation in violation of the First Amendment; racial discrimination in

11  violation of equal protection; deliberate indifference to mental health; deliberate indifference to

12  health and safety; or violation of due process.  Because plaintiff may be able to allege facts to

13  remedy this, he will be given the opportunity to amend the complaint if he desires.

14       Plaintiff may proceed forthwith to serve defendants Rivera, Johnson, Byers, Escobar and

15  Walters on his Eighth Amendment excessive force claim only, or he may delay serving any

16  defendant and amend the complaint.

17       Plaintiff will be required to complete and return the attached notice advising the court how

18  he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

19  file a second amended complaint.  If plaintiff elects to proceed on his excessive force claim

20  against defendants Rivera, Johnson, Byers, Escobar and Walters without amending the complaint,

21  the court will proceed to serve the complaint.  A decision to go forward without amending the

22  complaint will be considered a voluntarily dismissal without prejudice of all other claims and

23  defendants.

24       If plaintiff chooses to file a second amended complaint, he must demonstrate how the

25  conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

26  v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

27  each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

28  Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

1   or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

2   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

3   participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,

4   268 (9th Cir. 1982) (citations omitted).

5          Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

6   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

7   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

8   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

9   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

10  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

11  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

12  the original complaint no longer serves any function in the case.  Therefore, in an amended

13  complaint, as in an original complaint, each claim and the involvement of each defendant must be

14  sufficiently alleged.

15  VII.    Plain Language Summary of this Order for a Pro Se Litigant

16         Your request to proceed in forma pauperis is granted and you are not required to pay the

17  entire filing fee immediately.

18         Some of the allegations in the amended complaint state claims against some defendants

19  and some do not.  You have stated an Eighth Amendment excessive force claim against Officers

20  Rivera, Johnson, Byers, Escobar and Walters.  These defendants must answer the claim.

21         Your allegations do not support an excessive force claim against officers who did not

22  participate in the alleged assault.  Supervisors and wardens are not liable for what their

23  subordinates do, but only for what they do themselves.

24         The facts in the amended complaint do not state stand-alone claims for retaliation or racial

25  discrimination, but if Rivera assaulted you for racist or retaliatory reasons that is something that

26  might be relevant to your excessive force claim.  It does not look like the retaliation or equal

27  protection claims add anything to your case, since you do not need them in order to argue that

28  Rivera hurt you on purpose for those reasons.

8

The facts in the amended complaint do not show that you received mental health treatment that was deliberately indifferent, or that you were unconstitutionally subjected to unsafe conditions. You can't base an Eighth Amendment mental health or safety claim on the fact that you were held in ad seg or given a SHU term.

You have not stated a due process claim, because due process is not violated by false disciplinary charges, falsified reports, failure to follow prison policies, or wrongful denial of grievances. Nothing in the amended complaint shows a violation of the very minimum constitutional requirements for an RVR hearing.

You have a choice to make. You may either (1) proceed immediately on your excessive force claim against Officers Rivera, Johnson, Byers, Escobar and Walters and voluntarily dismiss the other claims and defendants, or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims for retaliation, racial discrimination, deliberate indifference to mental health, deliberate indifference to safety, and violation of due process. If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the second amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

9

3.  The court has screened the complaint and finds that it states an Eighth Amendment excessive force claim against Officers Rivera, Johnson, Byers, Escobar and Walters only.

4.  Claim One (excessive force) does not state a claim for which relief can be granted against defendants Sharp, Spearman or Kernan.

5.  Claims Two (retaliation), Three (equal protection), Four (deliberate indifference to mental health), Five (deliberate indifference to safety) and Six (due process) fail to state a claim for which relief can be granted against any defendant.

6.  Plaintiff has the option to proceed immediately on Claim One (excessive force) against defendants Rivera, Johnson, Byers, Escobar and Walters, or to amend the complaint.

7.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Claims Two through Six and all defendants other than Rivera, Johnson, Byers, Escobar and Walters.

DATED: April 15, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH HILL,                              No.  2:19-cv-00428 AC

12                  Plaintiff,

13          v.                                  PLAINTIFF'S NOTICE ON HOW TO
                                                PROCEED
14   SCOTT KERNAN, et al.,

15                  Defendants.

16

17          Check one:

18   _____ Plaintiff wants to proceed immediately on Claim One (Eighth Amendment excessive

19          force) against defendants Rivera, Johnson, Byers, Escobar and Walters without amending

20          the complaint.  Plaintiff understands that by going forward without amending the

21          complaint he is voluntarily dismissing without prejudice Claims Two through Six and all

22          defendants other than Rivera, Johnson, Byers, Escobar and Walters.

23   _____ Plaintiff wants to amend the complaint.

24

25   DATED:_____

26                                         _____
                                           KENNETH HILL
27                                         Plaintiff pro se

28

                                        1