UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL, | No. 2:19-cv-0428 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to compel plaintiff's deposition testimony and responses to discovery requests. ECF No. 27.

I.     Procedural History

Plaintiff was released from prison sometime at the end of 2020. ECF No. 10. Defendants filed their motion to compel on December 17, 2021. ECF No. 27. On January 19, 2022, after plaintiff failed to respond to the motion, the court granted him additional time to file a response and warned that failure to do so would result in a recommendation that this action be dismissed. ECF No. 28. The court file reflects that the order granting plaintiff additional time was served on his address of record and was later returned by the postal service on January 25, 2022, as undeliverable at that address. On March 31, 2022, after plaintiff failed to file a notice of change

////

of address, or make any other filings, the undersigned recommended that this action be dismissed for failure to comply with Local Rule 183(b).  ECF No. 29.

The findings and recommendations were once again served on plaintiff's address of record.  On April 8, 2022, the court received plaintiff's objections to the findings and recommendations, in which he stated that his address of record was correct and that he had submitted numerous change of address notifications to the court within the past sixty days (ECF No. 30), though he did not specify whether any had been submitted in this case and there is no record of any notices being received in this case.  The findings and recommendations were nonetheless withdrawn, and plaintiff was given a final opportunity to respond to defendants' motion to compel.  ECF No. 31.  He then proceeded to file his opposition to the motion.  ECF No. 32.

II.     Motion to Compel

Defendants move to compel plaintiff to appear for his deposition and to respond to written discovery requests in the form of interrogatories and requests for production.  ECF No. 27.  Plaintiff was served with discovery requests on October 15, 2021.  ECF No. 27-1 at 4.  On November 16, 2021, after several unsuccessful attempts to contact plaintiff by phone, defendants' counsel emailed plaintiff to attempt to schedule his deposition.  Id. at 3.  Plaintiff never responded and defendants served a deposition notice on November 30, 2021, notifying plaintiff that his deposition was scheduled for December 14, 2021.  Id.  On December 2, 2021, counsel attempted to call plaintiff, but plaintiff did not answer, and it was not possible to leave a voicemail.  Id. at 3-4.  Counsel then proceeded to email plaintiff to confirm the deposition, scheduled for December 14, 2021, and to follow up on plaintiff's outstanding discovery responses.  Id.  Plaintiff did not respond to the email.  Id.

On December 14, 2021, plaintiff failed to appear for his deposition.  Id. at 3.  After waiting half an hour from when the deposition was scheduled to being, counsel attempted to call plaintiff multiple times, but the calls were not answered and counsel was unable to leave a voicemail.  Id. at 3-4.  The following day, counsel once again attempted to contact plaintiff by phone with the same results.  Id.  Defendants then proceeded to file the instant motion.

2

Plaintiff opposes the motion and asserts that he does not object to having his deposition taken. ECF No. 32. He avers that he was the victim of mail fraud, and when he discovered that his mail was being interfered with he notified the post office and had his address corrected on March 21, 2022. Id. at 2. Plaintiff further states that he broke his cell phone during the month of February and, as a result of the mail fraud and broken phone, he did not receive any of counsel's communications. Id.

In their reply, defendants assert that plaintiff still has not responded to the written discovery requests served on October 15, 2021. ECF No. 33 at 1. They also dispute plaintiff's claim that he has not received any communications from defense counsel. Id. at 1-2. Defendants argue that plaintiff simply failed to check his email, as demonstrated by plaintiff's May 13, 2022 email to counsel—from the same address counsel had previously sent correspondence to—in which plaintiff stated that he was "just catching up on [his] emails." Id. at 1-2, 16. Finally, defendants argue that plaintiff's claim that he has not knowingly avoided being deposed is contradicted by his failure to appear for a deposition in another case on May 10, 2022, well after he allegedly corrected his address on March 21, 2022. Id. at 2.

Although plaintiff asserts that he was not receiving his mail due to being the victim of mail fraud, he does not explain when he began experiencing problems receiving mail or why he failed to notify counsel or the court regarding the issues he had been experiencing. Even if the court assumes the period during which plaintiff was experiencing issues receiving mail covered the period from October 15, 2021, until March 21, 2022, he offers no explanation as to why he failed to enable voicemail or respond to emails from counsel, which would have alerted him to the outstanding discovery request and the scheduled deposition. While plaintiff states he broke his cell phone in February, and assuming that plaintiff's only method of checking his email was his phone, this occurred well after counsel attempted to call plaintiff and sent emails regarding the discovery requests and deposition and therefore fails to explain plaintiff's complete failure to respond.

Because plaintiff has failed to respond to defendants' discovery requests or attend his deposition and failed to demonstrate that these failures were justified, defendants' motion to

compel will be granted. Defendants shall re-serve plaintiff with the October 15, 2021 discovery requests, which plaintiff shall respond to without objection. Defendants will also be given another opportunity to depose plaintiff and plaintiff must participate fully in the deposition. Plaintiff is warned that if he fails to respond to the interrogatories and request for production or participate in his deposition, it will result in sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance.

It is plaintiff's responsibility to maintain communication with defense counsel and facilitate the completion of discovery. Because litigation of this case has been delayed for over a year due to plaintiff's failure to participate in discovery and to remain in contact with defense counsel, plaintiff is further warned that further delays will not be tolerated. Any future failure to participate in discovery will expose plaintiff to dismissal of this case for failure to prosecute and failure to comply with court orders.

III.    Request for Costs

In their reply, defendants request the cost incurred from plaintiff's failed deposition in the amount of $1,010.15. ECF No. 33 at 2. When a party fails to appear for his deposition, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). As discussed above, plaintiff's failure to attend his deposition is unjustified and defendants' request for costs will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 27) is GRANTED.

2. Discovery is re-opened for the limited purpose of conducting plaintiff's deposition, having plaintiff to respond to the written discovery originally served on October 15, 2021, and allowing defendants to file any necessary motions for sanctions.

3. Within forty-five days of the service of this order, defendants may take plaintiff's deposition either in person or by videoconference. Defendants shall serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1) at least fourteen days before such a deposition.

If plaintiff fails to appear or refuses to fully participate in his deposition, defendants may bring a motion for sanctions within fourteen days of plaintiff's failure to appear or being advised of plaintiff's refusal to participate.

4. Within seven days of the service of this order, defendants shall re-serve the October 15, 2021 discovery requests on plaintiff. Plaintiff shall respond to the requests without objections within thirty days of service. Defendants may file any necessary motions for sanctions within twenty-one days of the service of plaintiff's responses or, if no responses are received, within twenty-one days of the deadline for serving responses.

5. Defendants' request for costs (ECF No. 33) is GRANTED. Within thirty days of the service of this order, plaintiff shall reimburse defendants their reasonable expenses resulting from his failure to appear at his deposition in the amount of $1010.15.

DATED: February 1, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE