1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   KENNETH HILL,                              No.  2:19-cv-0428 WBS AC P

11                 Plaintiff,

12          v.                                  ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
13   SCOTT KERNAN, et al.,

14                 Defendants.

15

16          Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Currently before the court is defendant's motion for terminating sanctions,

18   which plaintiff opposes.  ECF Nos. 35, 36.

19   I.     Procedural History

20          Plaintiff was released from prison sometime at the end of 2020.  ECF No. 10.  Defendants

21   filed a motion to compel on December 17, 2021, which sought to compel plaintiff to appear for

22   his deposition and to respond to interrogatories and requests for production.  ECF No. 27.  They

23   asserted that plaintiff had completely failed to respond to their written discovery requests, failed

24   to appear for his deposition, and was unresponsive to counsel's attempts to contact him to

25   schedule and confirm his deposition and to follow-up after he missed his deposition.  Id.  On

26   January 19, 2022, after plaintiff failed to respond to the motion, the court granted him additional

27   time to file a response and warned that failure to do so would result in a recommendation that this

28   action be dismissed.  ECF No. 28.  The court file reflects that the order granting plaintiff

                                                  1

additional time was served on his address of record and was later returned by the postal service on January 25, 2022, as undeliverable at that address.  On March 31, 2022, after plaintiff failed to file a notice of change of address, or make any other filings, the undersigned recommended that this action be dismissed for failure to comply with Local Rule 183(b).  ECF No. 29.  The findings and recommendations were once again served on plaintiff's address of record.

On April 8, 2022, the court received plaintiff's objections to the findings and recommendations in which he stated that his address of record was correct and that he had submitted numerous change of address notifications to the court within the past sixty days (ECF No. 30), though he did not specify whether any had been submitted in this case and there was no record of any notices being received in this case.  The findings and recommendations were withdrawn, and plaintiff was given a final opportunity to respond to defendants' motion to compel.  ECF No. 31.  Plaintiff then proceeded to file his opposition to the motion in which he alleged that he had not received any of counsel's communications because he had broken his cell phone and been the victim of mail fraud.  ECF No. 32.

On February 2, 2023, the motion to compel was granted.  ECF No. 34.  In granting the motion, the undersigned found that plaintiff did not explain when he began experiencing problems receiving mail or why de did not notify counsel or the court regarding the issues.  Id. at 3.  Plaintiff also offered no explanation as to why he failed to enable voicemail or respond to emails from counsel, which were sent well before plaintiff claimed his phone broke.  Id.  Plaintiff was ordered to respond to defendants' discovery requests without objection and to fully participate in his deposition, and defendants' request for costs was granted in light of plaintiff's unjustified failure to appear at his deposition.  Id. at 4.  The court also issued the following warning:

> It is plaintiff's responsibility to maintain communication with defense counsel and facilitate the completion of discovery.  Because litigation of this case has been delayed for over a year due to plaintiff's failure to participate in discovery and to remain in contact with defense counsel, plaintiff is further warned that further delays will not be tolerated.  Any future failure to participate in discovery will expose plaintiff to dismissal of this case for failure to prosecute and failure to comply with court orders.

1   Id.  On March 9, 2023, defendants filed the pending motion for terminating sanctions.  ECF No.

2   35.

3         II.      <u>Motion for Terminating Sanctions</u>

4         Defendants move for terminating sanctions, or alternatively evidentiary sanctions, on the

5   grounds that plaintiff has repeatedly failed to comply with the court's discovery orders and once

6   again failed to appear for his deposition.  ECF No. 35.  Defendants assert that on February 9,

7   2023, counsel sent plaintiff a letter at his address of record that notified him of the ruling on the

8   motion to compel and included a copy of the order.  ECF No. 35-1 at 2.  Counsel also re-served

9   the outstanding discovery requests and served plaintiff with a notice of deposition for February

10  23, 2023.  <u>Id.</u>  Plaintiff once again failed to appear for his deposition.  <u>Id.</u> at 3.  When counsel

11  attempted to call plaintiff at the number listed on the docket, which counsel had previously used

12  to communicate with plaintiff, there was no answer and voicemail was not set up and the

13  deposition was cancelled.  <u>Id.</u>  Counsel tried to contact plaintiff again the following day with the

14  same results.  <u>Id.</u>  As of the date of filing, plaintiff had not contacted defense counsel.  <u>Id.</u>

15        Plaintiff has opposed the motion and argues that he never received the notice of

16  deposition, counsel failed to confer with him before scheduling the deposition to pick a date that

17  was convenient for both parties, and he was in trial on the week of February 23, 2023.  ECF No.

18  36.  In their reply, defendants argue that they had no obligation to confer with plaintiff regarding

19  convenient dates and that plaintiff nevertheless failed to contact defense counsel to state that he

20  was unable to appear on the scheduled date.  ECF No. 37.  Defendants also assert that, as of the

21  date of their reply, plaintiff has failed to pay the costs ordered by the court or respond to their re-

22  served written discovery requests,[1] and they request additional costs for plaintiff's failure to

23  appear for his February 23, 2023 deposition.  <u>Id.</u> at 2-3.

24        III.     <u>Standards</u>

25        The Local Rules of the Eastern District provide wide latitude to the court with regard to

26  sanctions—under Local Rule 110, the failure of a party to comply with any local rule or order of

27

28        [1]  The deadline for plaintiff to respond fell after the motion for sanctions was filed.

1   the court may result in the imposition of "any and all sanctions authorized by statute or Rule or

2   within the inherent power of the Court."  Moreover, the Federal Rules of Civil Procedure

3   specifically contemplate dismissal as a sanction for failing to comply with an order compelling

4   discovery.  Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[] the

5   action or proceeding in whole or in part" if a party fails to comply with a discovery order.

6   Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to

7   comply with these rules or a court order, a defendant may move to dismiss the action or any claim

8   against it."

9          It is within the discretion of a district court to order dismissal sanctions.  Olivia v.

10   Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary

11   Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)).  However, because "dismissal is a harsh penalty

12   . . . it should only be imposed in *extreme circumstances*."  Hernandez v. City of El Monte, 138

13   F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d

14   1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d

15   1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions"

16   (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).  The court must consider

17   five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious

18   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

19   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

20   availability of less drastic sanctions.'"  Hernandez, 138 F.3d at 399 (quoting Henderson v.

21   Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The fifth factor is comprised of three subparts,

22   which include "whether the court has considered lesser sanctions, whether it tried them, and

23   whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."

24   Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

25          Not all factors must cut in favor of dismissal for the sanction to be imposed.  Malone v.

26   U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even

27   if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition

28   ////

4

1    on the merits both weighed against dismissal, they would not outweigh the other three factors that

2    strongly support dismissal here." (citation omitted)).

3    IV.    Analysis

4           A.    Public Interest in the Expeditious Resolution of Cases

5           "[T]he public's interest in expeditious resolution of litigation always favors dismissal."

6    Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  In this case, plaintiff has

7    completely failed to fulfill his discovery obligations or comply with this court's discovery orders.

8    He has also completely failed to respond to or communicate with defense counsel or the court

9    except when his case is on the brink of dismissal.  This failure to maintain communication and

10   participate in discovery has delayed the expeditious resolution of this case.  The public interest in

11   efficient resolution of cases has thus been thwarted by plaintiff's refusal to participate in the

12   discovery process.

13          B.    The Court's Need to Manage Its Docket

14          Plaintiff's continued failure to cooperate in discovery and follow the court's instructions

15   has already consumed a considerable amount of limited judicial time and resources.  The Eastern

16   District of California has one of the heaviest caseloads in the country, and plaintiff's continued

17   failure to participate in the discovery process has already resulted in a motion to compel; a

18   recommendation that the case be dismissed due to plaintiff's unresponsiveness, which was later

19   withdrawn following consideration of untimely filings by plaintiff; and the instant motion for

20   sanctions.  All of these have demanded this court's attention, time, and resources.  Considerations

21   of judicial economy weigh in favor of terminating sanctions.  Ferdik, 963 F.2d at 1261 (finding

22   that it was necessary "to preserve the district courts' power to manage their dockets without being

23   subject to the endless vexatious noncompliance of litigants").

24          C.    Risk of Prejudice to the Defendant

25          "While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be

26   considered prejudicial enough to warrant dismissal."  Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.

27   1984)).  Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether

28   the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the

1   rightful decision of the case." <u>Malone</u>, 833 F.3d at 131 (citation omitted).  The risk of prejudice

2   is considered in relation to plaintiff's reason for defaulting.  <u>Pagtalunan v. Galaza</u>, 291 F.3d 639,

3   642 (9th Cir. 2002) (citing <u>Yourish</u>, 191 F.3d at 991).

4          Plaintiff has, after first failing to appear at his deposition and respond to defendants'

5   discovery requests, failed to comply with the order directing him to fully participate in his

6   deposition and provide responses to written discovery requests.  Defendants are entitled to depose

7   plaintiff and have their discovery requests answered, and plaintiff's complete failure to engage in

8   the discovery process is decidedly prejudicial to defendants.  Although plaintiff claims he did not

9   receive any communications from defendants' counsel, he does not dispute that his address and

10  phone number of record are correct or explain why he failed to set up voicemail on his phone

11  after being explicitly admonished regarding his obligation to maintain communication.

12  Accordingly, there appears to be no justifiable reason for plaintiff's default and this factor also

13  favors dismissal.

14          D.  <u>Public Policy Favoring Merits Resolution</u>

15          The general policy favoring disposition of cases on their merits always weighs against

16  terminating sanctions.  <u>Yourish</u>, 191 F.3d at 992 (citation and internal quotation marks omitted).

17  However, this policy alone is not sufficient to outweigh the other factors discussed here.  <u>Leon v.</u>

18  <u>IDX Sys. Corp.</u>, 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

19          E.  <u>Availability and Effectiveness of Lesser Sanctions</u>

20          The court finds that no other, lesser sanctions would be satisfactory or effective.  Plaintiff

21  is proceeding in forma pauperis and has failed to pay costs already imposed after his failure to

22  participate in his deposition the first time, making it unlikely that monetary sanctions will induce

23  him to cooperate or prosecute his case.  Moreover, though defendants request evidentiary

24  sanctions as a possible alternative, it does it appear such sanctions would be a viable alternative.

25  Given plaintiff's complete failure to participate in discovery, exclusionary sanctions would likely

26  have the same ultimately dispositive effect as terminating sanctions, but only after requiring the

27  additional unwarranted expenditure of court resources.  Moreover, plaintiff was explicitly warned

28  that his failure to participate in discovery or comply with court orders could result in the dismissal

6

1    of this action.  ECF No. 34 at 4.  The "court's warning to a party that his failure to obey the

2    court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement,"

3    Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421,

4    1424 (9th Cir. 1986)).  For these reasons, the court finds that lesser sanctions would be ineffective

5    and insufficient to address plaintiff's behavior.

6              F.  Conclusion

7         For the reasons explained above, the undersigned finds that terminating sanctions are

8    justified and will recommend dismissal of this case.

9    V.       Motion for Attorney's Fees and Costs

10        Defendants request an additional $685.00 in costs incurred due to plaintiff's second failed

11   deposition.  ECF No. 37 at 2.  When a party fails to appear for his deposition, "the court must

12   require the party failing to act . . . to pay the reasonable expenses, including attorney's fees,

13   caused by the failure, unless the failure was substantially justified or other circumstances make an

14   award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  The same holds true when a party fails to

15   obey a discovery order.  Fed. R. Civ. P. 37(b)(2)(C).

16        Considering plaintiff's indigence, failure to pay fees already ordered, and the fact that it is

17   being recommended that defendants' motion for terminating sanctions be granted, the court finds

18   the award of further costs would be unjust and that request will be denied.

19                        CONCLUSION

20        Accordingly, IT IS HEREBY ORDERED that defendants' request for additional costs

21   (ECF No. 37) is DENIED.

22        IT IS FURTHER RECOMMENDED that:

23        1.  Defendants' motion for terminating sanctions (ECF No. 35) be GRANTED; and

24        2.  This action be dismissed, with prejudice, for failure to comply with a court order.  See

25   Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

26        These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

28   after being served with these findings and recommendations, any party may file written

                                7

1   objections with the court and serve a copy on all parties.  Such a document should be captioned

2   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3   objections shall be served and filed within fourteen days after service of the objections.  The

4   parties are advised that failure to file objections within the specified time may waive the right to

5   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6   DATED: November27, 2023

7

8   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28